IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JIMMY D. LAWRENCE

      Plaintiff,

v.   No. 06-2333-B

STATE FARM FIRE AND
CASUALTY COMPANY, INC.

      Defendant.

_____

ORDER DENYING MOTION OF THE PLAINTIFF TO STRIKE REMOVAL AND
REMAND TO STATE COURT
_____

The Plaintiff, Jimmy D. Lawrence, a Tennessee resident, originally brought the instant action against the Defendant, State Farm Fire and Casualty Company, Inc. ("State Farm") in the Circuit Court for Shelby County, Tennessee, alleging that State Farm breached the contract for insurance he purchased from it by failing to pay for losses he sustained as a result of a theft from his home. On June 2, 2006, State Farm, a corporation organized and existing under the laws of the State of Illinois, removed the action to this Court based on diversity of citizenship between the parties. See 28 U.S.C. § 1332. Before the Court is the June 7, 2006 motion of Lawrence to strike the removal and remand the case to state court. For the following reasons, the Plaintiff's motion is denied.

Lawrence's sole support for his motion is based on the applicability of 28 U.S.C. § 1332(c)(1). That section provides

> c) For the purposes of this section and section 1441 of this title–
> (1) a corporation shall be deemed to be a citizen of any State by

1

> which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen . . . .

28 U.S.C. § 1332(c)(1) (emphasis added).  The Plaintiff appears to contend that because he has brought a direct action against the insurer without naming himself as a party-defendant, State Farm is thus "deemed a citizen" of Tennessee, thereby defeating diversity jurisdiction.[1] See generally 28 U.S.C. § 1332.  Lawrence's failure to cite to any authority in support of his position underscores the inapplicability of section 1332(c)(1) to the facts of his case.

The section 1332(c)(1) direct action "statutory provision refers only to cases brought by an alleged victim of a tort under a direct action statute against a liability insurer of the alleged tortfeasor."  36 C.J.S. *Federal Courts* § 149 (May 2006) (citing O. M. Greene Livestock Co. v. Azalea Meats, Inc., 516 F.2d 509 (5th Cir. 1975); Bishop v. Allstate Ins. Co., 313 F. Supp. 875 (W.D. Ark. 1970); Adams v. State Farm Mut. Auto. Ins. Co., 313 F. Supp. 1349 (N.D. Miss. 1970)).

The Sixth Circuit in Henderson v. Selective Insurance Co. addressed this issue, noting that the legislative history of section 1332(c)(1)

> shows that the proviso was enacted to take care of a situation arising in the States of Wisconsin and Louisiana, as a result of the enactment of 'direct action' statutes in those states permitting suits directly against the insurance companies without joining the insured. These state statutes often created a diversity, increasing the case burden on the federal courts, which would not arise had the case been brought directly against the insured.

---

[1] After quoting the section 1332(c)(1) language, the Plaintiff simply states, "[b]ased on the afore-referenced statute, Defendant is for purposes of this action, a citizen of the State of Tennessee."  (Pl.'s Mot. to Strike Removal and Remand at 1).

369 F.2d 143, 149 (6th Cir. 1966). More recently, the Sixth Circuit has held that section 1332(c)(1) does not apply to suits brought by an insured against his insurer. See Lee-Lipstreu v. Chubb Group of Ins. Cos., 329 F.3d 898 (6th Cir. 2003). In Lee-Lipstreu, after noting that an insured bringing suit against his insurer is "obviously . . . not joined as a party-defendant because the insured is the plaintiff," the court stated,

> [a]pplying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity-federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state.

Id. at 899-900.

In Peterson v. TIG Specialty Insurance Co., the court addressed the applicability of section 1332(c)(1) to a diversity-based suit by an insured party against his insurer, stating, "this direct action exception that destroys diversity exists only where a third-party tort victim forgoes suing the tortfeasor in favor of instead suing the tortfeasor's liability insurer directly. This is the universal rule." 211 F. Supp. 2d 1013, 1015 (S.D. Ohio 2002) (citing Myers v. State Farm Ins. Co., 842 F.2d 705, 707 (3d Cir. 1988); Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir. 1985), reh. denied, 757 F.2d 287; White v. United States Fid. & Guaranty Co., 356 F.2d 746, 747-48 (1st Cir. 1966)).

In this case, Lawrence is suing his insurance carrier for breach of contract and bad faith as a result of its failure to pay his claim. (Def.'s Notice of Removal ¶ 3). As the Plaintiff is not a third-party tort victim suing the insurance carrier of an alleged tortfeasor, the Court finds section 1332(c)(1) is inapplicable and affords the Plaintiff no relief. As the motion to strike removal and remand to state court is not well taken, it is DENIED.

    IT IS SO ORDERED this 14th day of February, 2007.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE